UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

OJ COMMERCE LLC,

      Plaintiff,

CASE NO. 1:19-cv-62974-RAR

v.

HOME CITY INC,

      Defendants.

_____/

**DEFENDANT'S, HOME CITY, INC., ANSWER AND
AFFIRMATIVE DEFENSES PLAINTIFF'S COMPLAINT**

    Defendant, HOME CITY, INC. ("Defendant" or "Home City"), by and through the undersigned counsel, hereby files its Answer and Affirmative Defenses to the Complaint (the "Complaint") filed by the Plaintiff, OJ COMMERCE, INC., ("Plaintiff" or "OJ Commerce").

**Answer**

**Parties**

1.     Without knowledge, therefore denied.

2.     Admitted.

3.     Admitted that Plaintiff has brought an action based on violation of 15 U.S.C. § 1125 and Florida state claims.

4.     Admitted for jurisdiction and venue purposes only.

5.     The contract attached to Plaintiff's Complaint was not signed by an individual with actual or apparent authority to bind the Defendant and therefore denied.

6.     Admitted that Defendant engaged in business within this state, but all other allegations denied.

7. The contract attached to Plaintiff's Complaint was not signed by an individual with actual or apparent authority to bind the Defendant and therefore denied.

8. Admitted for venue purposes only.

## INTRODUCTION

9. The contract attached to Plaintiff's Complaint was not signed by an individual with actual or apparent authority to bind the Defendant and therefore denied.

10. Without knowledge, therefore denied.

11. Without knowledge, therefore denied.

12. Denied.

13. Denied.

14. Without knowledge as to Plaintiff's business and therefore denied. All other allegations denied.

## FACTS COMMON TO ALL COUNTS

15. Denied.

16. Without knowledge, therefore denied.

17. Without knowledge, therefore denied.

18. Admitted.

19. Without knowledge, therefore denied.

20. Without knowledge, therefore denied.

21. Without knowledge, therefore denied.

22. Denied.

23. Denied.

24. Denied.

25. Admitted that Defendant received a letter from Plaintiff's counsel. All other allegations in Paragraph 25 denied.

26. Denied.

27. Without knowledge, therefore denied.

28. Denied.

29. Denied.

30. Denied.

31. Without knowledge, therefore denied.

## Count I
## Violation of the Lanham Act (15 U.S.C. § 1125)

32. Defendant realleges and incorporates herein the responses to the allegations contained in Paragraphs 1-31, as set forth herein.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

Although not numbered, Defendant denies the WHEREFORE clause under Paragraph 38.

## Count II
## Defamation

39. Defendant realleges and incorporates herein the responses to the allegations contained in Paragraphs 1-31, as set forth herein.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

Although not numbered, Defendant denies the WHEREFORE clause under Paragraph 44.

## Count III
## Tortious Interference with Business Relationship

45. Defendant re-alleges and incorporates herein the responses to the allegations contained in paragraphs 1 through 31, as set forth herein.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

Although not numbered, Defendant denies the WHEREFORE clause under Paragraph 49.

## Count IV
## Florida Deceptive and Unfair Trade Practices (Fla. Stat. § 501.201 et seq.)

50. Defendant re-alleges and incorporates herein the responses to the allegations contained in paragraphs 1 through 31, as set forth herein.

51. Denied.

52. Denied.

53. Denied.

Although not numbered, Defendant denies the WHEREFORE clause under Paragraph 53.

## Count V
## Breach of Contract

54. Defendant re-alleges and incorporates herein the responses to the allegations contained in paragraphs 1 through 31, as set forth herein.

55. Denied.

56. Without knowledge, therefore denied.

57. The contract attached to Plaintiff's Complaint was not signed by an individual with actual or apparent authority to bind the Defendant and therefore denied Denied.

58. Denied.

59. Denied.

Although not numbered, Defendant admits that Plaintiff has demanded a trial by jury on all issues so triable.

Defendant denies any allegation of fact or conclusion of law made in the Complaint not specifically admitted by Defendant herein. To the extent Defendant admitted any allegation of fact or conclusion of law, they specifically deny any inference of liability or damages therefrom.

## **Affirmative Defenses**

Having fully answered Plaintiff's Complaint, as separate and distinct affirmative defenses, and without assuming the burden of proof as to any issue that otherwise rests upon Plaintiff, Defendant alleges as follows:

### **First Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's Complaint fails to state a cause of action for violation of the Lanham Act, breach of contract, defamation, violations of FDUTPA, and Tortious Interference.

### **Second Affirmative Defense**

While the Defendant denies that Plaintiff is entitled to any recovery from the Defendant whatsoever, to the extent that the Plaintiff's damages are caused in whole or in part by third parties who are or are not parties to this action, liability shall be apportioned according to fault, irrespective of whether such third parties become parties to this action.

### Third Affirmative Defense

To the extent that Plaintiff has suffered any damages, such damages should be set off by the Plaintiff to the Defendant, including any monies owed to Defendant for products sold and/or listed by the Defendant.

### Fourth Affirmative Defense

There is no contractual agreement between the Plaintiff and Defendants because the contract relied upon by Plaintiff was signed by a former employee of the Defendant who did not have actual or apparent authorization to enter into such an agreement to sell such products. Therefore, there is no privity between the parties and Plaintiff was selling such products without Defendant's actual or apparent authority.

### Fifth Affirmative Defense

To the extent Plaintiff has suffered any damages, Plaintiff has failed to take reasonable steps to reduce or minimize the damages experienced, including, but not limited to, failing to pay for the products before listing and tagging the products.

### Sixth Affirmative Defense

To the extent there was a contract between the parties, which Defendant denies, the Contract was ambiguous about payment for products to the Defendant, and Plaintiff owed a duty of good faith and fair dealing to pay Defendant for their product before listing and tagging it on any website, including Amazon. Plaintiff deliberately breached the covenant of good faith and fair

dealing by not paying Defendant for the products before listing and tagging the products and attempting to sell such products on the same website that Defendant uses for a lower price, thereby undercutting and damaging the Defendant.

### **Seventh Affirmative Defenses**

To the extent there was a contract between the parties, which Defendant denies, Plaintiff frustrated, prevented and/or hindered Defendant's performance requisite under the Contract by failing to pay for the products before listing and tagging Defendants, and by selling the products on the same website which Defendant uses for a lesser price, thereby intending to undercut and destroy Defendant's business.

**[CERTIFICATE OF SERVICE ON THE FOLLOWING PAGE]**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Clerk of Court using CM/ECF on January 14, 2020.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

Respectfully submitted,

STOK KON + BRAVERMAN
*Attorneys for Defendant*
1 E. Broward Boulevard
Suite 915
Fort Lauderdale, FL 33301
P.954.237.1777
F.954.237.1737

*/s/ Gabriel Mandler*
JOSHUA R. KON, ESQ.
Florida Bar No. 56147
GABRIEL MANDLER, ESQ.
Florida Bar No. 1002499

## SERVICE LIST

Shlomo Y. Hecht, P.A.
3076 N. Commerce Parkway
Miramar, FL 33025
*Attorney for Plaintiff*