## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

OJ COMMERCE LLC,

        Plaintiff,

v.

HOME CITY INC,

        Defendants.

_____/

CASE NO. 1:19-cv-62974-RAR

## MOTION FOR LEAVE TO FILE AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendant, HOME CITY, INC. ("Defendant" or "Home City"), by and through the undersigned counsel, and pursuant to Rule 15 and Rule 16 and of the Federal Rules of Civil Procedure, hereby files its Motion for Leave to File Amended Answers and Affirmative Defenses (the "Motion") against Plaintiff, OJ COMMERCE, LLC ("Plaintiff" or "OJ Commerce").

## BACKGROUND

1.  Defendant seeks to amend its Answers and Affirmative Defenses ("Affirmative Defenses") – but really just its Affirmative Defenses – to reflect the current circumstances and recently discovered information, and specifically expound on claims that Plaintiff was already on notice about since the start of this case. The proposed Amended Answers and Affirmative Defenses is annexed hereto as **Exhibit A**. The Defendant's first Affirmative Defenses included a claim for set off and apportion of fault due to the conduct of third parties who may or may not become parties to this Action but were not named. [D.E. 7]. As better described below, the Defendant was recently made aware of these third parties, how their conduct may have caused

damages, and can more accurately detail its affirmative defenses to include them on claims for set off and apportion of fault.

2.      The Order Setting Jury Trial and Requiring Mediation was filed by this Court on February 6, 2020 (the "Scheduling Order") [D.E. 12]. The Scheduling Order stated that all amendment to the pleadings shall be filed by March 18, 2020. Around this time, the parties were going back and forth on their confidentiality order and selecting a mediator.

3.      On or around March 13, 2020, the Defendant sent its First Request for Production ("First Requests") and First Interrogatories ("First Interrogatories") (collectively, the "Discovery") to the Plaintiff, which, in part, sought relevant information related to Defendant's affirmative defenses, including other pending litigation. At the time, the Defendant was also working on its response to Plaintiff's request for production. The parties also agreed to reschedule their mediation from May 12, 2020 to June 24, 2020 with the goal that the later date would provide the parties an ability to attend the mediation in person, which may provide a higher chance of likelihood in resolving the Action. [D.E. 23].

4.      The Plaintiff had requested an extension to respond to Defendant's Discovery, which, given the circumstances with the national COVID-19 pandemic, and out of professional courtesy, the Defendant agreed to same. Plaintiff produced its initial responses to the Discovery on May 13, 2020.

5.      The Defendant and the Plaintiff had several follow up conferrals in good faith over the following weeks related to Plaintiff's responses to Defendant's Discovery as Defendant

deemed some of the answers insufficient for purposes of this litigation and in the context of its

defenses.

6.      Around May 21, 2020, the Defendant served a Second set of Interrogatories on the

Plaintiff that followed up on some of the Discovery that was produced by the Plaintiff and

specifically expounded further on information related to Defendant's affirmative defenses and

Plaintiff's answers.

7.      Around June 4, 2020, Plaintiff provided updated responses to Defendant's First Set

of Interrogatories. These answers shed further light on some of the information Defendant was

seeking. On June 11, 2020, Defendant also provided its Second Set of Interrogatories to the

Plaintiff ("Second Interrogatories"). Plaintiff produced answers to the Second Interrogatories on

June 23, 2020. These answers more definitively expound upon on information Defendant needed

for its affirmative defenses. Around this time, Defendant uncovered records in the form of a

Complaint filed by OJ Commerce, LLC against the Noco Company, Case No. 0:20-cv-60221. A

copy of the Complaint is attached hereto as **Exhibit B**. The Defendant also uncovered records in

the form of other Complaints filed by OJ Commerce United States District Court for the Southern

District of Florida against Actiontec Electronics, Inc., Case No.: 0:19-cv-62778 and Standard Sales,

Inc., Case No.: 0:19-cv-62777.

8.      On June 24, 2020, the parties attended mediation with goal of resolving the issue

but were unable to do so. Trial is currently scheduled to begin on January 19, 2021. [D.E. 12].

9.      On June 26, 2020, the Defendant filed its Motion to Compel certain discovery

requests. [D.E. 30]. On July 1, 2020, the Defendant filed its Supplemental Motion to Compel. [D.E.

31]. On July 2, 2020, the Plaintiff filed its Response and on July 2, 2020, the Court issued its Order

granting in part and denying in part the Motion to Compel. [D.E. 36].

### <u>MEMORANDUM OF LAW</u>

A motion to amend a pleading after the deadline has passed in the court's scheduling

order is first evaluated under Rule 16 of the Federal Rules of Civil Procedure. *Smith v. Sch. Bd. of*

*Orange County*, 487 F.3d 1361, 1366 (11th Cir. 2007). Under Rule 16 of the Federal Rules of Civil

Procedure, the party must show good cause why leave to amend the complaint should be

granted. *Id.; see* Fed. R. Civ. P. 16(b). In proving good cause, diligence is the most important factor.

*De Varona v. Discount Auto Parts, LLC*, 285 F.R.D 671, 673 (S.D. Fla. 2012). The Court should also

consider whether the moving party failed to ascertain facts prior to the filing of the complaint or

acquire information during the discovery period and whether such information was available to

the moving party. *Sosa v. Airprint Systems, Inc.*, 133 F. 3d 1417, 1418 (11th Cir. 1998).

In this case, Defendant's Motion is supported by good cause because (1) only after the

deadline to amend the pleadings did Defendant discover the identities of the third parties,

relevant communications showing why Home City lost its selling privileges and nature of the

proceedings that would allow Defendant to explicitly include them in its affirmative defenses; (2)

Defendant was diligent in unearthing the relevant information throughout the discovery period

in filing numerous requests, and having several conferrals, that built upon each other as described

above while also responding to its own requests and participating in mediation that may have

resolved the Action; and (3) any delay was caused, at least in part, by the unprecedented national

COVID-19 pandemic, which caused major disruptions for the undersigned starting in March

STOK KON + BRAVERMAN

One East Broward Boulevard, Suite 915 • Fort Lauderdale, FL 33301 • P.954.237.1777 • F.954.237.1737 • E-mail: service@stoklaw.com

2020, and required the undersigned to shut down its offices twice (as recently as last week) for an extended period of time and work remotely. As the undersigned learned to navigate working remotely and deal with a variety of other business-related interruptions, the undersigned's timeliness and responsiveness to certain discovery matters were no doubt impacted by the national pandemic in both requesting and responding to certain discovery requests. Therefore, given the circumstances, and the factual and diligent history of discovery described above, and the efforts to resolve this matter at mediation, good cause still supports the granting of this Motion as it was brought in a timely and diligent manner. *See Wasdin v. Cheetah Transp., LLC,* 2006 WL 3534969, * 2 (M.D. Ga. Dec. 7, 2006) (finding good cause even though plaintiff waited "several months" before filing her motion for leave where information was discovered after scheduling deadline); *Nobles v. Rural Cmty. Ins. Services,* 303 F. Supp. 2d 1279, 1284 (M.D. Ala. 2004) (finding good cause for amending scheduling order when the moving party had diligently sought various discovery requests leading to proposed amendment).

Once good cause is established, the Court can look to the liberal guidelines set forth in Rule 15(a) which "shall be given when justice so required." *See* Fed R. Civ P. 15. In the absence of any apparent or declared reason, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, the relief sought should shall be freely given. *McKinely v. Kaplan,* 177 F.3d 1253, 1258 (11th Cir. 1999); *Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also Bates v. Cook,* 615 F. Supp. 662,

669 (M.D. Fla. 1984) ("amendments should be tendered no later than the time of pretrial") (internal citations omitted).

Here, as demonstrated above, there is no undue delay, bad faith or dilatory motive by the Defendant. This is the first Motion to Amend its Affirmative Defenses and Defendant has done so while discovery is still ongoing and before any depositions have been taken. Moreover, the Defendant is doing so to take into account recent developments in discovery and to ensure that this case is decided on the merits with all of the information available to the Court. In particular, there appears to be a notice attached to OJ Commerce's Complaint that shows that Amazon removed OJ Commerce due to a complaint made by the Noco Company which, according to OJ Commerce, led to its loss of selling privileges from Amazon and harmed its goodwill and reputation. *See* **Exhibit B**. In this Action, OJ Commerce has pled that the alleged claims made by Defendant caused significant harm to its reputation and goodwill and put OJ Commerce at risk that it would lose its selling privileges on Amazon. Likewise, OJ Commerce has made claims in the United States District Court for the Southern District of Florida against Actiontec Electronics, Inc., Case No.: 0:19-cv-62778 and Standard Sales, Inc., Case No.: 0:19-cv-62777 in which it claimed both companies damaged its goodwill and reputation as a result of false counterfeit claims and put OJ Commerce at significant risk of losing its selling privileges on Amazon. Therefore, it would be imperative for Defendant to name these parties in the event there was an apportion of liability or set off required in terms of liability, damages and fault.

Moreover, as previously mentioned, the Plaintiff was already put on notice of other third parties that may have caused some of Plaintiff's damages related to the apportionment of fault or

a set off and its entitlement for attorney fees regarding same. *See Walters v. Altec Industries, Inc.,* 2003 WL 22012046 (accepting amended pleading under broad *Foman* standard and noting that Plaintiff was placed on some notice of the Fabre defense with its original answer). To the extent OJ Commerce was not already on notice of either, in an abundance of caution, Defendant is taking the opportunity to amend its Affirmative Defenses to reflect same.

The amended Affirmative Defenses are not futile as they are all legally sufficient avoidance of the well-plead allegations. The parties are still engaged in discovery, have not taken any depositions and Plaintiff will not be prejudiced by this amendment. To the extent this Court finds there was any delay after March 18, 2020, the undersigned maintains that the COVID-19 pandemic cause unforeseeable interruptions that slowed down the undersigned's business and his responsiveness while still trying to push the case further along.

On the other hand, denying leave to amend would greatly prejudice the Defendant as this case would not be determined based on its merits and deprive the Defendant of its ability to prove that named parties may have been liable for such claims. Accordingly, this Court should grant the instant Motion to Amend the Answers and Affirmative Defenses, and deem the attached version filed as of the date of its Order.

**WHEREFORE**, Defendant, HOME CITY INC. respectfully requests that this Honorable Court enter an Order granting leave to file its Amended Answers and Affirmative Defenses as set forth herein, together with such further relief as is just and proper.

STOK KON + BRAVERMAN

One East Broward Boulevard, Suite 915 • Fort Lauderdale, FL 33301 • P.954.237.1777 • F.954.237.1737 • E-mail: service@stoklaw.com

## CERTIFICATE OF GOOD FAITH CONFERENCE

In accordance with Local Rule 7.1 (a)(3)(b), the counsel for Defendant certifies that they made a good faith effort to resolve this dispute with counsel for Plaintiff but have been unable to resolve the issues.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and served via email on this 9th day of July, 2020, to: sam@hechtlawpa.com.

Respectfully submitted,

STOK KON + BRAVERMAN
*Attorneys for Defendant*
1 East Broward Blvd
Fort Lauderdale, FL 33301

By: _____/s/ Joshua R. Kon_____
    ROBERT A. STOK, ESQ.
    Florida Bar No.: 857051
    JOSHUA R. KON, ESQ.
    Florida Bar No. 56147

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

OJ COMMERCE LLC,

                                    CASE NO. 1:19-cv-62974-RAR

      Plaintiff,

v.

HOME CITY INC,

      Defendants.

_____ /


**DEFENDANT'S, HOME CITY, INC., AMENDED ANSWER AND**
**AFFIRMATIVE DEFENSES PLAINTIFF'S COMPLAINT**

Defendant, HOME CITY, INC. ("Defendant" or "Home City"), by and through the

undersigned counsel, hereby files its Answer and Affirmative Defenses to the Complaint

(the "Complaint") filed by the Plaintiff, OJ COMMERCE, INC., ("Plaintiff" or "OJ

Commerce").

**Answer**

**Parties**

1.      Without knowledge, therefore denied.

2.      Admitted.

3.      Admitted that Plaintiff has brought an action based on violation of 15 U.S.C.

§ 1125 and Florida state claims.

4.      Admitted for jurisdiction and venue purposes only.

5. The contract attached to Plaintiff's Complaint was not signed by an individual with actual or apparent authority to bind the Defendant and therefore denied.

6. Admitted that Defendant engaged in business within this state, but all other allegations denied.

7. The contract attached to Plaintiff's Complaint was not signed by an individual with actual or apparent authority to bind the Defendant and therefore denied.

8. Admitted for venue purposes only.

## INTRODUCTION

9. The contract attached to Plaintiff's Complaint was not signed by an individual with actual or apparent authority to bind the Defendant and therefore denied.

10. Without knowledge, therefore denied.

11. Without knowledge, therefore denied.

12. Denied.

13. Denied.

14. Without knowledge as to Plaintiff's business and therefore denied. All other allegations denied.

## FACTS COMMON TO ALL COUNTS

15. Denied.

16. Without knowledge, therefore denied.

17. Without knowledge, therefore denied.

18.     Admitted.

19.     Without knowledge, therefore denied.

20.     Without knowledge, therefore denied.

21.     Without knowledge, therefore denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Admitted that Defendant received a letter from Plaintiff's counsel. All other

allegations in Paragraph 25 denied.

26.     Denied.

27.     Without knowledge, therefore denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Without knowledge, therefore denied.

## Count I
## Violation of the Lanham Act (15 U.S.C. § 1125)

32.     Defendant realleges and incorporates herein the responses to the

allegations contained in Paragraphs 1-31, as set forth herein.

33.     Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

Although not numbered, Defendant denies the WHEREFORE clause under Paragraph 38.

## Count II
## Defamation

39. Defendant realleges and incorporates herein the responses to the allegations contained in Paragraphs 1-31, as set forth herein.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

Although not numbered, Defendant denies the WHEREFORE clause under Paragraph 44.

## Count III
## Tortious Interference with Business Relationship

45.     Defendant re-alleges and incorporates herein the responses to the allegations contained in paragraphs 1 through 31, as set forth herein.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

Although not numbered, Defendant denies the WHEREFORE clause under Paragraph 49.

## Count IV
### Florida Deceptive and Unfair Trade Practices (Fla. Stat. § 501.201 et seq.)

50.     Defendant re-alleges and incorporates herein the responses to the allegations contained in paragraphs 1 through 31, as set forth herein.

51.     Denied.

52.     Denied.

53.     Denied.

Although not numbered, Defendant denies the WHEREFORE clause under Paragraph 53.

## Count V
### Breach of Contract

54.     Defendant re-alleges and incorporates herein the responses to the allegations contained in paragraphs 1 through 31, as set forth herein.

55.     Denied.

56.     Without knowledge, therefore denied.

57.     The contract attached to Plaintiff's Complaint was not signed by an individual with actual or apparent authority to bind the Defendant and therefore denied.

58.     Denied.

59.     Denied.

Although not numbered, Defendant admits that Plaintiff has demanded a trial by jury on all issues so triable. Defendant denies any allegation of fact or conclusion of law made in the Complaint not specifically admitted by Defendant herein. To the extent Defendant admitted any allegation of fact or conclusion of law, they specifically deny any inference of liability or damages therefrom.

## Affirmative Defenses

Having fully answered Plaintiff's Complaint, as separate and distinct affirmative defenses, and without assuming the burden of proof as to any issue that otherwise rests upon Plaintiff, Defendant alleges as follows:

## First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff's Complaint fails to state a cause of action for violation of the Lanham Act, breach of contract, defamation, violations of FDUTPA, and Tortious Interference.

## Second Affirmative Defense

While the Defendant denies that Plaintiff is entitled to any recovery from the Defendant whatsoever, to the extent that the Plaintiff's damages are caused in whole or in part by third parties who are or are not parties to this action, including, but not limited to, the Noco Company, Actiontec Electronics, Inc., Standard Sales, Inc., and Amazon liability and/or damages shall be apportioned according to fault, irrespective of whether such third parties become parties to this action.

### Third Affirmative Defense

To the extent that Plaintiff has suffered any damages under any of its claims, such damages should be set off by the Plaintiff to the Defendant, including, but not limited to, any monies owed to Defendant for products sold and/or listed by the Defendant and any damages caused by any third parties who are or are not parties to this action including, but not limited to, the Noco Company, Actiontec Electronics, Inc., Standard Sales, Inc., and Amazon.

### Fourth Affirmative Defense

There is no contractual agreement between the Plaintiff and Defendants because the contract relied upon by Plaintiff was signed by a former employee of the Defendant who did not have actual or apparent authorization to enter into such an agreement to sell such products. Therefore, there is no privity between the parties and Plaintiff was selling such products without Defendant's actual or apparent authority.

## Fifth Affirmative Defense

To the extent Plaintiff has suffered any damages, Plaintiff has failed to take reasonable steps to reduce or minimize the damages experienced, including, but not limited to, failing to pay for the products before listing and tagging the products.

## Sixth Affirmative Defense

To the extent there was a contract between the parties, which Defendant denies, the Contract was ambiguous about payment for products to the Defendant, and Plaintiff owed a duty of good faith and fair dealing to pay Defendant for their product before listing and tagging it on any website, including Amazon. Plaintiff deliberately breached the covenant of good faith and fair dealing by not paying Defendant for the products before listing and tagging the products and attempting to sell such products on the same website that Defendant uses for a lower price, thereby undercutting and damaging the Defendant.

## Seventh Affirmative Defenses

To the extent there was a contract between the parties, which Defendant denies, Plaintiff frustrated, prevented and/or hindered Defendant's performance requisite under the Contract by failing to pay for the products before listing and tagging Defendants, and by selling the products on the same website which Defendant uses for a lesser price, thereby intending to undercut and destroy Defendant's business.

WHEREFORE, having answered Plaintiff's Complaint, Defendant demands judgment in its favor and for the award of its reasonable attorney's fees and costs under FDUTPA and the Lanham Act and such other relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Clerk of Court using CM/ECF on July 8, 2020.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

Respectfully submitted,

STOK KON + BRAVERMAN
*Attorneys for Defendant*
1 E. Broward Boulevard
Suite 915
Fort Lauderdale, FL 33301
P.954.237.1777
F.954.237.1737

/s/ Gabriel Mandler
JOSHUA R. KON, ESQ.
Florida Bar No. 56147
GABRIEL MANDLER, ESQ.
Florida Bar No. 1002499

## SERVICE LIST

Shlomo Y. Hecht, P.A.
3076 N. Commerce Parkway
Miramar, FL 33025
*Attorney for Plaintiff*

# Exhibit B

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

OJ COMMERCE LLC               Case No: 0:20-cv-60221
      *Plaintiff*

v.

THE NOCO COMPANY
      *Defendant*

_____/

## COMPLAINT

Plaintiff, OJ Commerce, LLC ("OJC" or "Plaintiff") hereby brings this action for damages and other relief against Defendant THE NOCO COMPANY ("Noco" or "Defendant") for violation of the Lanham Act, related state-law claims, and states the following:

### PARTIES

1. Plaintiff OJC is a Delaware limited liability company with its principal place of business in Broward County, Florida. OJC's single member resides in Florida. OJC is an online retailer engaged in interstate commerce, and is selling selling power supply products and other consumer goods on the Amazon marketplace to customers throughout the United States, including the Southern District of Florida.

2. Defendant Noco is an Ohio Corporation, with its principal place of business in Cleveland Ohio. Noco is a wholesale manufacturer, distributor, and seller of power supply products throughout the United States, including the Southern District of Florida.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it is a federal action based on a violation of 15 U.S.C. § 1125, and this Court has supplemental

jurisdiction over the related Florida State claims, pursuant to 28 U.S.C § 1367 as they arise from the same case or controversy as the federal claims.

4. This Court separately has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

5. This Court has personal jurisdiction over Noco pursuant to Fla. Stat. § 48.193, as it committed an intentional tortious act within this State.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## INTRODUCTION

7. Amazon is the largest online marketplace for consumer goods, and retailers compete for customers by providing competitive pricing, and quality services. Amazon allows multiple sellers to sell the same item, often at different prices and with different associated services, such as speed of delivery and/or return policy in the event of any dissatisfaction. Such fair and open competition among multiple sellers of the same product is conducive to a healthy marketplace, where the consumer is the ultimate beneficiary, getting the best price and highest level of service.

8. However, some products are sold on the Amazon marketplace exclusively by Amazon, or exclusively by the manufacturer of those products, in such instances there is no competition on the price, and it is sold at a higher price, to the detriment of the consumer.

9. Noco wants to eliminate discount retailers such as OJC from the Amazon marketplace, and ensure it is sold exclusively by Amazon, at a higher price. To accomplish that goal,

Defendant resorted to an illegal path of making malicious false accusations against OJC, and filing knowingly false claims with Amazon, claiming inaccurately that OJC was selling counterfeit goods, in an effort to remove OJC from the Amazon marketplace.

10.     These counterfeit claims are blatantly malicious, as Noco is fully aware that OJC purchases and resells genuine Noco products from its authorized resellers, and are in no way counterfeit.

11.     OJC is a local South Florida business, whose success heavily relies on selling its products online, including via the Amazon marketplace.  OJC sells hundreds of thousands of dollars worth of product on the Amazon marketplace daily.  Noco is well aware of Amazon's strict intellectual property policies, and more specifically the seriousness of counterfeit allegations against a retailer.  Precisely because those policies are strict, making false allegations to Amazon has devastating ramifications for those businesses against whom such false allegations are made.  A deliberately false claim to Amazon that a retailer is selling counterfeit products directly leads to that seller being suspended from all access to the Amazon marketplace, including the ability to sell other products not even alleged to have been counterfeit.  This is exactly what happened to OJC, when on February 2, 2020 Noco accomplished its goal by causing OJC's Amazon seller account to be suspended, and Amazon removing all of OJC's selling privileges causing daily damages to OJC to the tune of hundreds of thousands of dollars in lost sales on the Amazon marketplace.  Noco deliberately caused these harms to OJC by making intentional false statements in order to profit unfairly at OJC's expense.

**FACTS COMMON TO ALL COUNTS**

12.     OJC sells a large number of consumer goods, including certain consumer power

supply products manufactured by Noco, identified by Amazon Standard Identification Numbers ("ASIN") as B004LWTHP2, B015TKPT1A, B004LX14Z2, B015TKSSB8, B015TKUPIC, B015TKSSB8, B00PKIBVU0, and B07FR4VY9Y, (the "Noco Products").

13.     OJC obtains all of its Noco Products from authorized resellers, and sells only genuine and authentic Noco Products.

14.     One of the marketplaces through which OJC sells its Noco Products is www.amazon.com, the Amazon marketplace website.

15.     Defendant Noco is the manufacturer of the Noco Products.

16.     Amazon has established a strict anti-counterfeiting policy, whereby any product that is reported as counterfeit is immediately removed from the Amazon marketplace, and a negative flag is added to the seller's account, as a counterfeit seller.

17.     Thus, as predictable of Amazon's anti-counterfeiting policy, a seller targeted with claims of selling counterfeit merchandise is faced with consequences such as the seller's loss of selling privileges, and its funds from prior sales being withheld by Amazon.

18.     While intended to protect consumers against purchasing counterfeit products, these Amazon policies unfortunately provide perverse incentives for unscrupulous manufacturers willing to make false accusations in order to gain an unfair advantage against legitimate retailers.

19.     On October 2, 2019, Defendant Noco filed a claim with Amazon against OJC, Claim # 6482867911, falsely alleging that ASIN B004LWTHP2 sold by OJC is counterfeit. A copy of the complaint is hereby attached as Exhibit A.

20.     On December 26, 2019, Defendant Noco filed a claim with Amazon against OJC, Claim # 6702229381, falsely alleging that ASIN B015TKPT1A sold by OJC is counterfeit. A

copy of the complaint is hereby attached as Exhibit B.

21.     On December 27, 2019, Defendant Noco filed a claim with Amazon against OJC, Claim # 6704085891, falsely alleging that ASIN B004LX14Z2 sold by OJC is counterfeit.  A copy of the complaint is hereby attached as Exhibit C.

22.     On December 27, 2019, Defendant Noco filed a claim with Amazon against OJC, Claim # 6704022281, falsely alleging that ASIN B015TKSSB8 sold by OJC is counterfeit.  A copy of the complaint is hereby attached as Exhibit D.

23.     On December 31, 2019, Defendant Noco filed a claim with Amazon against OJC, Claim # 6712661871, falsely alleging that ASIN B015TKUPIC sold by OJC is counterfeit.  A copy of the complaint is hereby attached as Exhibit E.

24.     On January 1, 2020, Defendant Noco filed a claim with Amazon against OJC, Claim # 6710335661, falsely alleging that ASIN B015TKSSB8 sold by OJC is counterfeit.  A copy of the complaint is hereby attached as Exhibit F.

25.     On January 6, 2020, Defendant Noco filed a claim with Amazon against OJC, Claim # 6724652801, falsely alleging that ASIN B00PKIBVU0 sold by OJC is counterfeit.  A copy of the complaint is hereby attached as Exhibit G.

26.     On January 14, 2020, Defendant Noco filed a claim with Amazon against OJC, Claim # 6746015091,  falsely alleging that ASIN B07FR4VY9Y sold by OJC is counterfeit.  A copy of the complaint is hereby attached as Exhibit H.

27.     In all, Noco made at least eight false claims with Amazon, alleging that OJC is selling eight counterfeit Noco Products (the "Counterfeit Claims").

28.     Noco's Counterfeit Claims are false, as OJC's Noco Products are genuine,

legitimate, authentic, and not counterfeit. Noco knew without any doubt that the Counterfeit Claims were false when it made these claims with Amazon.

29.     Noco made these false Counterfeit Claims to Amazon with the specific intention that Amazon act on it, and suspend OJC's selling privileges from the Amazon marketplace, pursuant to Amazon's policies.

30.     On January 16, 2020, OJC sent a notice to Noco's counsel advising that its claims are false, and requested an immediate retraction. A copy of the demand letter is hereby attached as Exhibit I.

31.     As a result of Noco's false Counterfeit Claims, Amazon immediately removed OJC's Noco Products from the Amazon marketplace, and flagged OJC as a counterfeit seller, thus putting OJC at a competitive disadvantage in its ability to sell any other products, including those not alleged to be counterfeit, via the Amazon marketplace.

32.     On January 29, 2020, Amazon sent a warning to OJC advising that its account will be suspended as a result of Noco's false Counterfeit Claims. A copy of the Amazon warning is hereby attached as Exhibit J.

33.     On January 30, 2020, OJC again sent a notice to Noco's counsel asking for an immediate retraction, and advising Noco about the imminent threat of suspension OJC received from Amazon. A copy of this notice is hereby attached as Exhibit K.

34.     On February 2, 2020, Amazon suspended OJC's selling privileges from the Amazon marketplace, and advised OJC that the reason for that suspension was due to, at least one of, Noco's false Counterfeit Claims. A copy of the Amazon suspension notice is hereby attached as Exhibit L.

35.     Having removed OJC as a competitive seller from the Amazon marketplace, Noco now hopes to sell the Noco Products to consumers without competition at a higher price throughout the United States, including the Southern District of Florida, then they would otherwise be able to in a fair and competitive market undistorted by Noco's false Counterfeit Claims and the actions Amazon predictably took in reliance on those false Counterfeit Claims.

36.     Noco's false Counterfeit Claims caused significant monetary harm to OJC, as it lost hundreds of thousands of dollars in daily sales by the Amazon marketplace account suspension.

37.     Noco's false Counterfeit Claims also caused significant harm to OJC's business reputation and goodwill, as consumers and vendors alike refuse to do business with a counterfeit retailer, and is likely to cause significant additional harm in the future until remedied.

38.     OJC retained the undersigned counsel, and has agreed to pay its reasonable attorney's fees.

## COUNT I - Violation of the Lanham Act (15 U.S.C. § 1125)

39.     OJC repeats and reallege paragraphs 1 through 38, as it fully set forth herein.

40.     Noco knowingly and willfully made false statements of material fact against OJC, by filing the Counterfeit Claims with Amazon.

41.     The Counterfeit Claims were made in order to eliminate competition and deprive consumers of the opportunity to purchase Noco Products at a discounted competitive price from OJC.

42.     Knowing of Amazon's policies and how it would respond to the Counterfeit Claims by taking it at face value, Noco manipulated Amazon in order to deprive all consumers using the Amazon marketplace of access to Noco Products sold by OJC, as well as generally damaging

OJC's reputation in that marketplace as a seller of any and all other products.

43.     The Counterfeit Claim actually deceived Amazon into believing that OJC's Noco Products are counterfeit, as Amazon removed the Noco Products from its marketplace, and suspended all of OJC's selling privileges from its marketplace.

44.     Noco's actions were intended to affect, and did affect, interstate commerce, as the Amazon marketplace's consumers are spread across the entire United States, including but not limited to the Southern District of Florida.

45.     Noco's false Counterfeit Claim actually caused significant monetary harm to OJC.

WHEREFORE, Plaintiff OJC seeks monetary damages, Noco's actual profits from its wrongful actions, the costs of the action, reasonable attorney's fees, pursuant to 15 U.S.C. § 1117(a); and injunctive relief against Noco in the form of a retraction of its false Counterfeit Claims with Amazon, and a permanent injunction barring Noco from filing any future false claims concerning OJC, pursuant to 28 U.S.C. § 2201(a).

### COUNT II - Defamation

46.     OJC repeats and reallege paragraphs 1 through 38, as it fully set forth herein.

47.     Noco disseminated false and defamatory Counterfeit Claims against OJC, namely that it sells a counterfeit Noco Products.

48.     Such defamatory statements were made towards a third party, Amazon, without any privilege or other valid reason.

49.     Noco's defamatory statements were published across the United States, including the Southern District of Florida, as Amazon is a national retailer with locations across the United States, including the Southern District of Florida.

50.     Noco made this defamatory statement in order to manipulate Amazon's policies and with the intent and expectation that Amazon would label OJC as a seller of counterfeit to its consumers, and suspend OJC's selling privileges on the Amazon marketplace.

51.     Noco knowingly made these false Counterfeit Claims with knowledge of its falsity.

52.     Noco's publication of the Counterfeit Claim caused significant monetary harm to OJC.

WHEREFORE, Plaintiff OJC seeks damages, special damages, consequential damages, punitive damages, together with court costs, interest, and any other relief this Court deems just and proper.

## COUNT III - Tortious Interference with Business Relationship

53.     OJC repeats and reallege paragraphs 1 through 38, as it fully set forth herein.

54.     OJC has a business relationship with Amazon, whereby OJC lists its products on the Amazon marketplace for sale to the public at large, in return for a commission paid to Amazon.

55.     Noco knew of the business relationship, and specifically targeted that business relationship when it opened false Counterfeit Claims with Amazon against OJC.

56.     Noco intentionally and unjustly interfered with OJC's Amazon business relationship for their personal gain, in order to gain an unfair competitive advantage on the Amazon marketplace.

57.     Noco's actions actually caused the business relationship between Amazon and OJC to be suspended on February 2, 2020.

58.     Noco's tortious interference caused significant monetary harm to OJC.

WHEREFORE, Plaintiff OJC seeks damages, special damages, consequential damages,

punitive damages, together with court costs, interest, and any other relief this Court deems just and proper.

### COUNT IV - Florida Deceptive and Unfair Trade Practices (Fla. Stat. § 501.201 et seq.)

59.     OJC repeats and reallege paragraphs 1 through 38, as it fully set forth herein.

60.     Defendants' false Counterfeit Claims against OJC with Amazon is an unfair trade practice.

61.     Noco's false Counterfeit Claims was performed in the course of trade or commerce.

62.     Noco's unfair trade practice caused monetary harm to OJC.

WHEREFORE, Plaintiff OJC seeks monetary damages, the costs of the action, and reasonable attorney's fees, injunctive relief against Noco in the form of a retraction of its false Counterfeit Claim with Amazon, and a permanent injunction barring Noco from filing any future false claims concerning OJC, pursuant to Fla. Stat. § 501.211.

### PLAINTIFF DEMANDS A TRIAL BY JURY FOR ALL ISSUES TRIABLE BY RIGHT

Dated: February 2, 2020.

Respectfully submitted,

Shlomo Y. Hecht, P.A.
3076 N Commerce Parkway
Miramar, FL 33025
Phone: 954-861-0025


By: /s/ Shlomo Y Hecht
Florida State Bar No.: 127144
Email: sam@hechtlawpa.com
Attorney for Plaintiff

JS 44 (Rev. 06/17)  **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*   NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**I. (a)  PLAINTIFFS** OJ COMMERCE LLC

**DEFENDANTS** THE NOCO COMPANY

**(b)**   County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*
Shlomo Y. Hecht, P.A.
3076 N Commerce Parkway, Miramar, FL 33025, 954-861-0025

Attorneys *(If Known)*

**(d)** Check County Where Action Arose:   ☐ MIAMI-DADE   ☐ MONROE   ☒ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE   ☐ HIGHLANDS

**II.  BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  NATURE OF SUIT** *(Place an "X" in One Box Only)*   Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

**V.  ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Re-filed (See VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district *(specify)*   ☐ 6 Multidistrict Litigation Transfer   ☐ 7 Appeal to District Judge from Magistrate Judgment   ☐ 8 Multidistrict Litigation – Direct File   ☐ 9 Remanded from Appellate Court

**VI.  RELATED/ RE-FILED CASE(S)**   (See instructions):   a) Re-filed Case ☐ YES ☐ NO   b) Related Cases ☐ YES ☒ NO
JUDGE:   DOCKET NUMBER:

**VII.  CAUSE OF ACTION**   Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1125
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

**VIII.  REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $75,000.00   CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE   February 2, 2020
SIGNATURE OF ATTORNEY OF RECORD   /s/ Shlomo Y Hecht

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   IFP   JUDGE   MAG JUDGE

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida ▼

| | |
|---|---|
| OJ COMMERCE LLC | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | )     Civil Action No. |
| THE NOCO COMPANY | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    THE NOCO COMPANY
                                           REGISTERED AGENT: 1600 CNB CORP
                                           1375 EAST 9TH STREET, 29TH FLOOR
                                           CLEVELAND OH 44114

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Shlomo Y. Hecht, P.A.
                                                   3076 N Commerce Parkway
                                                   Miramar, FL 33025

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                       _____
                                                           *Signature of Clerk or Deputy Clerk*



**From:** "notice-dispute@amazon.com" <notice-dispute@amazon.com>
**Sent:** 10/2/2019 3:32 PM
**To:** notify@ojcommerce.com
**CC:**
**Subject:** Notice: Policy Warning

Hello, We received a report from a rights owner that the products listed at the end of this email are inauthentic. The rights owner is asserting that the products infringe the following trademark: -- Trademark number 1165271 Why did this happen? One or more of your listings may be infringing the intellectual property rights of others. We're here to help. If you need help understanding why your listings may infringe the intellectual property rights of others, please search for "Intellectual Property Policy" in Seller Central Help (https://sellercentral.amazon.com/gp/help/external/201361070). How do I reactivate my listing? Please provide one of the following to reactivate your listings: 1) A retraction of the report from the rights owner: -- NOCO -- legal@no.co 2) An invoice or letter of authorization from the manufacturer or Rights Owner verifying the product's authenticity to notice-dispute@amazon.com. External links are not accepted. For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff, Have your listings been removed in error? If you believe there has been an error, please tell us why. Your explanation should include the following information: -- Proof that you have never sold or listed the reported product. We will investigate to determine if an error occurred. OR -- Explanation of why you were warned in error. We will investigate to determine if an error occurred. What happens if I do not provide the requested information? If we do not receive the proof of authenticity, your listings will remain inactive. We reserve the right to destroy the inventory associated with this violation if proof of authenticity is not provided within 90 days. ASIN: B004LWTHP2 Infringement type: Counterfeit Trademark asserted: 1165271 Complaint ID: 6482867911

## Notice: Policy Warning

From : "notice-dispute@amazon.com" <notice-dispute@amazon.com>

To : notify@ojcommerce.com **Received On : 12-26-2019 17:49:53 PM**

Hello, We received a report from a rights owner that the products listed at the end of this email are inauthentic. The rights owner is asserting that the products infringe the following trademark: -- Trademark number: 1165271 Why did this happen? One or more of your listings may be infringing the intellectual property rights of others. We're here to help. If you need help understanding why your listings may infringe the intellectual property rights of others, please search for "Intellectual Property Policy" in Seller Central Help (https://sellercentral.amazon.com/gp/help/external/201361070). How do I reactivate my listing? Please provide the following to reactivate your listings: -- An invoice, letter of authorization or a licensing agreement from the manufacturer or Rights Owner demonstrating that your products are lawful to notice-dispute@amazon.com. External links are not accepted. For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff. Have your listings been removed in error? If you have never sold or listed the product, please reach out to us and tell us. If you think that the rights owner has made an error in sending the notice, please reach out to the rights owner and ask for a retraction of the notice. To retract the complaint, the rights owner must send the retraction to us at notice-dispute@amazon.com or use the retraction function in Brand Registry. These are the rights owner's contact details: -- NOCO -- legal@no.co We can only accept retractions if the rights owner clearly states that they made an error. For any other reason, please explain to us why you were warned in error so that we can investigate the case. What happens if I do not provide the requested information? Your listings will remain inactive. We reserve the right to destroy the inventory associated with this violation if proof of authenticity is not provided within 90 days. ASIN: B015TKPT1A Infringement type: Counterfeit Trademark asserted: 1165271 Complaint ID: 6702229381 You can view your account performance (https://sellercentral.amazon.com/performance/dashboard?reftag=email_warn) or select Account Health on the home screen of the Amazon Seller app on your iOS or Android device. The Account Health dashboard shows how well your account is performing against the performance metrics and policies required to sell on Amazon. -- iOS: https://itunes.apple.com/us/app/amazon-Seller/id794141485 -- Android: https://play.google.com/store/apps/details?id=com.amazon.sellermobile.android&hl...


**From:** "notice-dispute@amazon.com" <notice-dispute@amazon.com>
**Sent:** 12/27/2019 7:38 PM
**To:** notify@ojcommerce.com
**CC:**
**Subject:** Notice: Policy Warning

Hello, We received a report from a rights owner that the products listed at the end of this email are inauthentic. The rights owner is asserting that the products infringe the following trademark: -- Trademark number: 1165271 Why did this happen? One or more of your listings may be infringing the intellectual property rights of others. We're here to help. If you need help understanding why your listings may infringe the intellectual property rights of others, please search for "Intellectual Property Policy" in Seller Central Help (https://sellercentral.amazon.com/gp/help/external/201361070). How do I reactivate my listing? Please provide the following to reactivate your listings: -- An invoice, letter of authorization or a licensing agreement from the manufacturer or Rights Owner demonstrating that your products are lawful to notice-dispute@amazon.com. External links are not accepted. For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff. Have your listings been removed in error? If you have never sold or listed the product, please reach out to us and tell us. If you think that the rights owner has made an error in sending the notice, please reach out to the rights owner and ask for a retraction of the notice. To retract the complaint, the rights owner must send the retraction to us at notice-dispute@amazon.com or use the retraction function in Brand Registry. These are the rights owner's contact details: -- NOCO -- legal@no.co We can only accept retractions if the rights owner clearly states that they made an error. For any other reason, please explain to us why you were warned in error so that we can investigate the case. What happens if I do not provide the requested information? Your listings will remain inactive. We reserve the right to destroy the inventory associated with this violation if proof of authenticity is not provided within 90 days. ASIN: B004LX14Z2 Infringement type: Counterfeit Trademark asserted: 1165271 Complaint ID: 6704085891 You can view your account performance (https://sellercentral.amazon.com/performance/dashboard?reftag=email_warn) or select Account Health on the home screen of the Amazon Seller app on your iOS or Android device. The Account Health dashboard shows how well your account is performing against the performance metrics and policies required to sell on Amazon. -- iOS: https://itunes.apple.com/us/app/amazon-Seller/id794141485 -- Android: https://play.google.com/store/apps/details?id=com.amazon.sellermobile.android&hl...



**From:** "notice-dispute@amazon.com" <notice-dispute@amazon.com>
**Sent:** 12/27/2019 7:35 PM
**To:** notify@ojcommerce.com
**CC:**
**Subject:** Notice: Policy Warning

Hello, We received a report from a rights owner that the products listed at the end of this email are inauthentic. The rights owner is asserting that the products infringe the following trademark: -- Trademark asserted:1165271 Why did this happen? One or more of your listings may be infringing the intellectual property rights of others. We're here to help. If you need help understanding why your listings may infringe the intellectual property rights of others, please search for "Intellectual Property Policy" in Seller Central Help (https://sellercentral.amazon.com/gp/help/external/201361070). How do I reactivate my listing? Please provide the following to reactivate your listings: -- An invoice, letter of authorization or a licensing agreement from the manufacturer or Rights Owner demonstrating that your products are lawful to notice-dispute@amazon.com. External links are not accepted. For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff. Have your listings been removed in error? If you have never sold or listed the product, please reach out to us and tell us. If you think that the rights owner has made an error in sending the notice, please reach out to the rights owner and ask for a retraction of the notice. To retract the complaint, the rights owner must send the retraction to us at notice-dispute@amazon.com or use the retraction function in Brand Registry. These are the rights owner's contact details: -- NAME OF RIGHTS OWNER : NOCO Legal -- EMAIL ADDRESS OF RIGHTS OWNER: legal@no.co We can only accept retractions if the rights owner clearly states that they made an error. For any other reason, please explain to us why you were warned in error so that we can investigate the case. What happens if I do not provide the requested information? Your listings will remain inactive. We reserve the right to destroy the inventory associated with this violation if proof of authenticity is not provided within 90 days. ASIN: B015TKSSB8 Infringement type: Counterfeit Trademark asserted:1165271 Complaint ID: 6704022281 You can view your account performance (https://sellercentral.amazon.com/performance/dashboard?reftag=email_warn) or select Account Health on the home screen of the Amazon Seller app on your iOS or Android device. The Account Health dashboard shows how well your account is performing against the performance metrics and policies required to sell on Amazon. -- iOS: https://itunes.apple.com/us/app/amazon-Seller/id794141485 -- Android: https://play.google.com/store/apps/details?id=com.amazon.sellermobile.android&hl.. Sincerely, Seller Performance Team Amazon.com



**From:** "notice-dispute@amazon.com" <notice-dispute@amazon.com>
**Sent:** 12/31/2019 9:44 PM
**To:** notify@ojcommerce.com
**CC:**
**Subject:** Notice: Policy Warning

Hello, We received a report from a rights owner that the products listed at the end of this email are inauthentic. The rights owner is asserting that the products infringe the following trademark: -- Trademark number 1302394 Why did this happen? One or more of your listings may be infringing the intellectual property rights of others. We're here to help. If you need help understanding why your listings may infringe the intellectual property rights of others, please search for "Intellectual Property Policy" in Seller Central Help (https://sellercentral.amazon.com/gp/help/external/201361070). How do I reactivate my listing? Please provide the following to reactivate your listings: -- An invoice, letter of authorization or a licensing agreement from the manufacturer or Rights Owner demonstrating that your products are lawful to notice-dispute@amazon.com. External links are not accepted. For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff. Have your listings been removed in error? If you have never sold or listed the product, please reach out to us and tell us. If you think that the rights owner has made an error in sending the notice, please reach out to the rights owner and ask for a retraction of the notice. To retract the complaint, the rights owner must send the retraction to us at notice-dispute@amazon.com or use the retraction function in Brand Registry. These are the rights owner's contact details: -- NOCO Legal -- legal@no.co We can only accept retractions if the rights owner clearly states that they made an error. For any other reason, please explain to us why you were warned in error so that we can investigate the case. What happens if I do not provide the requested information? Your listings will remain inactive. We reserve the right to destroy the inventory associated with this violation if proof of authenticity is not provided within 90 days. ASIN: B015TKUPIC Infringement type: Counterfeit Trademark asserted: Trademark number 1302394 Complaint ID: 6712661871 You can view your account performance (https://sellercentral.amazon.com/performance/dashboard?reftag=email_warn) or select Account Health on the home screen of the Amazon Seller app on your iOS or Android device. The Account Health dashboard shows how well your account is performing against the performance metrics and policies required to sell on Amazon. -- iOS: https://itunes.apple.com/us/app/amazon-Seller/id794141485 -- Android: https://play.google.com/store/apps/details?id=com.amazon.sellermobile.android&hl... Sincerely , Amazon.com



**From:** "notice-dispute@amazon.com" <notice-dispute@amazon.com>
**Sent:** 1/1/2020 2:49 PM
**To:** info@ojcommerce.com
**CC:**
**Subject:** RE:[CASE 6710335661] Your Amazon.com Inquiry

Hello,    Thank you for your message, but we cannot accept your appeal because it does not address the report we received from the rights owner. Please provide the following information so that we can process your appeal:    -- Proof of product authenticity (e.g., invoice, Order ID, licensing agreement, letter of authorization). It must clearly prove that your products do not infringe any intellectual property rights. . Please send this information, any other documentation, and a list of impacted ASINS to notice-dispute@amazon.com.    -- Greater detail on the root cause(s) of the infringement.. -- Greater detail on the actions you have taken to resolve issues. -- Greater detail on the steps you have taken to prevent infringement going forward.   Where do I send this information? Send this information to notice-dispute@amazon.com.   What happens if I do not send the requested information? If we do not receive the requested information within 17 days of the original suspension notification, your account will remain deactivated.    ASIN: B015TKSSB8 Complaint ID: 6710335661 Depending on your account status and activities, you may be required to complete an additional review before funds can be released. Amazon may withhold payments if we determine that your account was used to sell inauthentic or prohibited goods.   You can see your balance and settlement information in the Payments section of Seller Central. If you have questions about those, please send an email to payments-funds@amazon.com.     You can view your account performance (https://sellercentral.amazon.com/performance/dashboard?reftag=email_appeal) or select Account Health on the home screen of the Amazon Seller app on your iOS or Android device. The Account Health dashboard shows how well your account is performing against the performance metrics and policies required to sell on Amazon.   -- iOS: https://itunes.apple.com/us/app/amazon-Seller/id794141485 -- Android: https://play.google.com/store/apps/details?id=com.amazon.sellermobile.android&hl=en



---

**From:** "notice-dispute@amazon.com" <notice-dispute@amazon.com>
**Sent:** 1/6/2020 4:22 PM
**To:** notify@ojcommerce.com
**CC:**
**Subject:** Notice: Policy Warning

Hello, We received a report from a rights owner that the products listed at the end of this email are inauthentic. The rights owner is asserting that the products infringe the following trademark: Trademark number: 1165271 Why did this happen? One or more of your listings may be infringing the intellectual property rights of others. We're here to help. If you need help understanding why your listings may infringe the intellectual property rights of others, please search for "Intellectual Property Policy" in Seller Central Help (https://sellercentral.amazon.com/gp/help/external/201361070). How do I reactivate my listing? Please provide the following to reactivate your listings: -- An invoice, letter of authorization or a licensing agreement from the manufacturer or Rights Owner demonstrating that your products are lawful to notice-dispute@amazon.com. External links are not accepted. For security reasons, we only accept attachments in the following file formats: .jpeg, .jpg, .pjpeg, .gif, .png, .tiff. Have your listings been removed in error? If you have never sold or listed the product, please reach out to us and tell us. If you think that the rights owner has made an error in sending the notice, please reach out to the rights owner and ask for a retraction of the notice. To retract the complaint, the rights owner must send the retraction to us at notice-dispute@amazon.com or use the retraction function in Brand Registry. These are the rights owner's contact details: -- NOCO Legal -- legal@no.co We can only accept retractions if the rights owner clearly states that they made an error. For any other reason, please explain to us why you were warned in error so that we can investigate the case. What happens if I do not provide the requested information? Your listings will remain inactive. We reserve the right to destroy the inventory associated with this violation if proof of authenticity is not provided within 90 days. ASIN: B00PKIBVU0 Title: NOCO Genius G15000 12V/24V 15 Amp Pro-Series Battery Charger and Maintainer Infringement type: Counterfeit Trademark asserted: 1165271 Complaint ID: 6724652801 You can view your account performance (https://sellercentral.amazon.com/performance/dashboard?reftag=email_warn) or select Account Health on the home screen of the Amazon Seller app on your iOS or Android device. The Account Health dashboard shows how well your account is performing against the performance metrics and policies required to sell on Amazon. -- iOS: https://itunes.apple.com/us/app/amazon-Seller/id794141485 -- Android: https://play.google.com/store/apps/details?id=com.amazon.sellermobile.android&hl...

# Notice: Policy Warning

## Amazon.com <notice@amazon.com>

Tue 1/14/2020 3:39 PM

To: Shloimy Hecht <shloimy@ojcommerce.com>;

Hello,

We received a report from a rights owner that believes the items at the end of this email infringe their patent: D801060.

We may let you list this content again if we receive a retraction from the rights owner:

Emson Enforcement
EmsonEnforcement002@gmail.com

If the rights owner agrees to retract their complaint, they must send the retraction to us at notice-dispute@amazon.com.

If you believe that the reported content does not infringe the rights owner's patent, you may email notice-dispute@amazon.com
with supporting information.

We consider allegations of intellectual property infringement a serious matter. If we receive more complaints about your listings, we may not allow you to sell on Amazon.com.

To learn more about this policy, search for "Intellectual Property Violations" in Seller

Central Help (https://sellercentral.amazon.com/gp/help/external/201361070).

 ASIN: B07FR4VY9Y

Title: Creative Motion 22487-6 LED, Desk Lamp, Center Piece, Night Light, Multi/Color


Infringement type: Patent

Patent Number: D801060

Complaint ID: 6746015091

You can learn more about your account health in the Performance section of Seller Central (https://sellercentral.amazon.com/gp/seller-rating/pages/performance-summary.html).


Sincerely,
Seller Performance Team
https://www.amazon.com
Amazon.com

Was this email helpful?

If you have any questions visit: Seller Central

To change your email preferences visit: Notification Preferences

Copyright 2020 Amazon, Inc, or its affiliates. All rights reserved.
Amazon.com, 410 Terry Avenue North, Seattle, WA 98109-5210



3076 N. Commerce Parkway, Miramar, FL 33025
954.861.0025 • SAM@HECHTLAWPA.COM
WWW.HECHTLAWPA.COM

January 16, 2020

KOHRMAN JACKSON & KRANTZ LLP
LEGAL COUNSEL TO THE NOCO COMPANY
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, Ohio 44114

### Re: CEASE AND DESIST & LITIGATION HOLD NOTICE

Dear Mr. Jon J. Pinney:

Please be advised that the undersigned represents OJ Commerce, LLC ("OJC") against THE
NOCO COMPANY ("NOCO") in connection with multiple false and malicious complaints to
Amazon, for violations of Federal and Florida State unfair and deceptive trade practices,
defamation, slander, and tortious interference.

Specifically, OJC received the following NOCO complaints from Amazon:

- October 2, 2019, Claim # 6482867911 for B004LWTHP2 as counterfeit
- December 26, 2019, Claim # 6702229381 for B015TKPT1A as counterfeit
- December 27, 2019, Claim # 6704085891 for B004LX14Z2 as counterfeit
- December 27, 2019, Claim # 6704022281 for B015TKSSB8 as counterfeit
- December 31, 2019, Claim # 6712661871 for B015TKUPIC as counterfeit
- January 1, 2020, Claim # 6710335661 for B015TKSSB8 as counterfeit
- January 11, 2020, Claim # 6724652801 for B00PKIBVU0 as counterfeit
- January 14, 2020, Claim # 6746015091 for B07FR4VY9Y as countereit

All of NOCO's complaints are malicious, false, slanderous and defamatory, and such willful
tortious conduct specifically targeted to harm OJC's business reputation, goodwill.

**OJC hereby demands that NOCO cease and desist these abusive practices immediately,
and send a full retraction to Amazon within 48 hours. You must respond to us in writing
with a copy of your retraction. Failure to do so will result in legal action against NOCO
and its affiliates, including but not limited to the causes of action laid out above.**

Furthermore, OJC will soon be seeking discovery to identify all paper documents, physical
items, electronic documents, data, or other evidence and materials within the definition of Rule
34 of the Federal Rules of Civil Procedure that may be relevant to the abovementioned Ligation
*as well as to similar claims related to similarly situated plaintiffs* ("Documents"). As part of this
process, you must preserve and safeguard, and must not alter, delete, destroy, or discard, any



3076 N. COMMERCE PARKWAY, MIRAMAR, FL 33025
954.861.0025 • SAM@HECHTLAWPA.COM
WWW.HECHTLAWPA.COM

paper documents, physical items, or electronic documents and data you have relating to the Litigation and claims above.

This litigation hold notice (the "**Notice**") applies to all paper documents, physical items, and electronic documents and data that may be relevant to the Litigation. Relevant paper documents include correspondence, handwritten notes, telephone logs, calendars, and other business records. **If you are unsure about whether certain documents and data are relevant, you should preserve them.**

You also must take affirmative steps to preserve, and suspend any deletion, overwriting, modification, or other destruction of all relevant electronic documents and data under your control. Electronic data includes correspondence, telephone logs, and other business records, such as emails including Outlook PST/Lotus Notes NSF/ files, voicemails, text messages, instant messages (IMs), calendars, word processing files, spreadsheets, PDFs, JPEGs, PowerPoint presentations, Access, Oracle and other databases, including cloud-based storage, temporary internet files, cookies, .ZIP files, and all other forms of electronic information, wherever it resides, including the Internet. You must preserve this information in its current form, without moving any electronic information or changing any related metadata (for example, a document's creation or last access date).

Your preservation obligation also extends to the preservation of relevant data on external media, including hard drives, DVDs, CDs, USBs, personal home computers, laptops, and mobile devices, including PDAs, cell phones, and tablets. In sum, all paper and electronically stored information must be preserved intact and without modification. **Please note this list is not intended to be exhaustive and you must preserve any and all information relevant to this dispute.**

Please perverse all such evidence and materials until such time as the Litigation is complete and any potential claims are finally disposed of, whether through litigation or other means.

Your failure to preserve relevant data may constitute spoliation of evidence and may subject you to sanctions. *See* e.g., *DeLong v. A-Top Air Conditioning Co.,* 710 So. 2d 706 (Fla. 3d DCA 1998) (affirming dismissal with prejudice of claim where party failed to preserve evidence material to case). We trust you will preserve any and all Documents for the duration of this dispute. In the event a dispute arises out of your failure to preserve Documents, we will rely on this letter as evidence of our request and notice of your preservation obligations.

GOVERN YOURSELF ACCORDINGLY,

Shlomo Y Hecht, Esq.

1

| | English ▼ | Search | 🔍 | | Messages \| Help \| Settings |
|---|---|---|---|---|---|

OJCommerce 🇺🇸 | www.amazon.com - OJCon ▼

**Catalog**    **Inventory**    **Pricing**    **Orders**    **Advertising**    **Programs**    **Reports**    **Performance**    **Apps & Services**

# Urgent: Your account is at risk of deactivation
ID 6777056211

## Open Case:  Action Needed By  Amazon

View Your Case and
Request Log

Reply

---

**mgardner@ojcommerce.com**                                                                                  Jan 30, 2020 07:37 AM
Notice One:
See more

---

**Amazon**                                                                                                          Jan 29, 2020 10:41 AM
Dear OJCommerce,

Thank you for talking with us about your Amazon selling account.

As we discussed, there have been some issues with your account related to intellectual property infringement.

Why is this happening?
Amazon does not allow listings that violate the intellectual property rights of brands or rights owners. To learn more, please review Amazon's Intellectual Property Policy (https://sellercentral.amazon.com/gp/help/201361070).

Amazon previously alerted you of these issues by emailing you the warnings listed below:

Notice:
-- Date: Jan 11th 2020
-- ASIN: B015TKUPIC

What's next?
Send a plan of action within 72 hours that explains:
-- Proof of authenticity (e.g., invoice, Order ID, letter of authorization, licensing agreement or court order) for infringing listings
-- The steps you have taken to ensure that you are no longer infringing and will not infringe in the future
-- Other relevant information
-- Supporting details should you believe the notice was submitted in error or the notices are incorrect

How do I send the required information?
Please submit your plan and supporting product documentation by responding to this email from your case log in Seller Central at this link (https://sellercentral.amazon.com/cu/case-lobby).

What happens if I do not send the requested information?
If we do not receive the requested information within 72 hours, your account will be deactivated and funds will not be transferred to you but will stay in your account while we work with you to address this issue.

We're here to help
The Account Health Support team is available 7 days a week to address your concerns in detail. To request a call from the Account Health Support team between 7:00 am to 6:00 pm Pacific Standard Time use this link: (https://sellercentral.amazon.com/cu/contact-us/cmn/QUALITY) or between 9:00 to 5:00 China Standard Time use this link: (https://sellercentral.amazon.com/cu/contact-us/cmn/MARKETPLACE).

You can view your account performance at (https://sellercentral.amazon.com/performance/dashboard?ref=ah_em_op) or select Account Health on the home screen of the Amazon Seller app on your iOS or Android device. Your Account Health shows how well your account is performing against the performance metrics and policies required to sell on Amazon.
-- Download iOS App at (https://itunes.apple.com/na/app/amazon-seller/id794141485)
-- Download Android App at (https://play.google.com/store/apps/details?id=com.amazon.sellermobile.android&hl)

FEEDBACK                 rward to hearing from you soon,

Adrian M.
Amazon Account Health Support
=======================================
MORE WAYS TO GET HELP:
Visit our Seller Forums for help from other sellers: http://sellercentral.amazon.com/forums
Browse all Seller Help topics: http://sellercentral.amazon.com/gp/help

To contact us again about this issue, please use the Contact Us form in Seller Central using the following link:

https://sellercentral.amazon.com/cu/case-dashboard/view-case?caseID=6777056211

Please note: this e-mail was sent from a notification-only address that cannot accept incoming e-mail. Please do not reply to this message.

See less

---

Get support | Program Policies | English ▾

© 1999-2020, Amazon.com, Inc. or its affiliates

FEEDBACK



**Shloimy Hecht <shloimy@gmail.com>**

---

# Re: Noco Amazon Complaints against OJ Commerce, LLC

**Sam Hecht** <sam@hechtlawpa.com>                                    Thu, Jan 30, 2020 at 12:09 PM
To: "Sean P. Malone" <spm@kjk.com>
Cc: Sam Hecht <sam@hechtlawpa.com>, "David R. Posteraro" <drp@kjk.com>, "Valerie M. Valochik" <vmv@kjk.com>

Dear Attorney Malone,

I discussed Noco's offer with OJ Commerce but they decline to accept these terms.  OJ will not sign any agreement limiting or restricting its rights to sell any products.

However, for settlement purposes, OJ Commerce has agreed not to pursue legal action against Noco for the false counterfeit complaints filed with Amazon, in return that (1) Noco immediately retracts all counterfeit complaints with Amazon, and (2) dismisses the Ohio lawsuit with prejudice.

Additionally, I'm putting you on **URGENT NOTICE**, to advise you that Amazon threatened OJ Commerce to deactivate its entire account as a result of Noco's false counterfeit complaint.  See attached a copy of the Amazon notice.  In the event OJ Commerce's account gets shut off entirely, the damages will be in the hundreds of thousands of dollars per day, and OJ Commerce will vigorously assert all of its legal rights against Noco in Federal Court.  I ask that Noco immediately retract its false counterfeit complaint with Amazon, to avoid further damage.

Sincerely,

Shlomo ("Sam") Hecht, Esq.

The Law Offices of Shlomo Y. Hecht, P.A.
3076 N Commerce Parkway
Miramar, FL 33025
Phone: 954-861-0025

Email: sam@hechtlawpa.com

**Confidentiality Notice**
This email is intended only for the person addressed to, and may contain confidential information that is protected by the attorney-client privilege.  If you received this message by error, or if you are not the intended recipient, you must not disclosure or transmit this information to any person, notify our office immediately by emailing: sam@hechtlawpa.com or calling: (954) 861-0025, and delete this message immediately.

[Quoted text hidden]

---



**Amazon Noco Notice.pdf**
86K

**From:** Amazon <notice-request-dispute@amazon.com>

**Sent:** 2/2/2020 2:08 AM

**To:** notify@ojcommerce.com

**CC:**

**Subject:** Your Amazon.com Inquiry



Hello,

Your account has been temporarily deactivated. Your listings have been removed. Funds will not be transferred to you but will stay in your account while we work with you to address this issue. This may take up to 90 days. Please ship any open orders to avoid further impact to your account.

Why is this happening?
We have not received a valid plan of action addressing the listings below.

Amazon previously alerted you of these issues through the warnings listed below:

Notice one:

-- Date: Jan 11th 2020
-- ASIN: B015TKUPIC

Notice two:

-- Date: Jan14th 2020

-- ASIN: B07FR4VY9Y

-- Name of Rights Owner: EmsonEnforcement002@gmail.com

-- Infringement Type: PATENT


How do I reactivate my account?

To reactivate your account, please send us the following information:

-- Proof of non-infringement (e.g., invoice, Order ID, letter of authorization, licensing agreement or court order) for all affected listings.

-- The steps you have taken to ensure that you are no longer infringing and will not infringe in the future.

-- Other relevant information.

-- Supporting details should you believe the notice was submitted in error or the notices are incorrect.


How do I send this information?

Please submit this information by clicking the Appeal button on Account Health (https://sellercentral.amazon.com/performance/dashboard).


We're here to help

The Account Health Support team is available 7 days a week to address your concerns in detail. To request a call from the Account Health Support team between 7:00 a.m. – 6:00 p.m. Pacific Time use this link: (https://sellercentral.amazon.com/cu/contact-us/cmn/QUALITY) or between 9:00 to 5:00 China Standard Time use this link: (https://sellercentral.amazon.com/cu/contact-us/cmn/MARKETPLACE).


Amazon does not allow listings that violate the intellectual property rights of brands or rights owners. To learn more, please review Amazon's Intellectual Property Policy (https://sellercentral.amazon.com/gp/help/201361070).


You can view your account's performance at (https://sellercentral.amazon.com/performance/dashboard) or select Account Health on the home screen of the Amazon Seller app on your iOS or Android device. The Account Health dashboard shows how well your account is performing against the performance

metrics and policies required to sell on Amazon.

-- iOS: https://itunes.apple.com/us/app/amazon-Seller/id794141485

-- Android: https://play.google.com/store/apps/details?
id=com.amazon.sellermobile.android&hl...

Sincerely,

Seller Performance Team

Amazon.com

http://www.amazon.com