UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CIV-62974-RAR

**OJ COMMERCE, LLC**,

    Plaintiff,

v.

**HOME CITY, INC.**,

    Defendant.

_____/

## OMNIBUS ORDER

**THIS CAUSE** comes before the Court on Defendant's Motion for Leave to File Amended Answer and Affirmative Defenses [ECF No. 37] and Defendant's Motion for Leave to File Third Party Complaint [ECF No. 42] (collectively, "Motions"). Defendant seeks to: (1) amend its affirmative defenses relating to the apportionment of fault and set off to name specific third parties, and (2) file a complaint against those third parties. *See* Mot. for Leave to File Amended Answer and Affirmative Defenses [ECF No. 37] at 1-2; Mot. for Leave to File Third Party Complaint [ECF No. 42] at 1-2. On July 18, 2020, Plaintiff filed a Response to Defendant's Motion for Leave to File Amended Answer and Affirmative Defenses [ECF No. 43] ("Response"). Per the Court's Scheduling Order [ECF No. 12] ("Scheduling Order"), the parties' deadline to amend the pleadings and join parties was March 18, 2020. The Court held a telephonic hearing on the Motions on July 20, 2020 ("Hearing"). *See* Paperless Minute Entry [ECF No. 45].

A party may amend a pleading after the scheduling deadline only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). However, leave to amend should be "freely give[n] . . . when justice so requires." *Id.* "The party seeking leave to amend after the scheduling order deadline must show good cause." *King v. Akima Glob. Servs., LLC*, 775 F. App'x

617, 619 (11th Cir. 2019) (citing *Smith v. School Bd. of Orange Cty.*, 487 F.3d 1361, 1366 (11th Cir. 2007)).  Similarly, when a party seeks to file a third-party complaint after the deadline set in a court's scheduling order, the court must evaluate the motion under Fed. R. Civ. P. 16(b), which requires a showing of good cause to modify a scheduling order.  *See Smith*, 487 F.3d at 1366.  "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'"  *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note).

Here, Defendant has demonstrated sufficient diligence and shown good cause to amend its affirmative defenses and file a third-party complaint past the deadline set in the Court's Scheduling Order.  As discussed at the Hearing, although Defendant may have been able to access public information on Plaintiff's lawsuits against third parties before the deadline, Defendant only recently obtained communications that would allow it to add specific third parties to this case in good faith.  Considering delays caused by the COVID-19 pandemic, the benefits of having all the pertinent parties participating in this case, and the fact that discovery is still ongoing and trial is not scheduled until January 2021, the Court finds that there is good cause to grant Defendant leave to amend its affirmative defenses and file a third-party complaint.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motions [ECF Nos. 37 and 42] are **GRANTED**.  Defendant shall file its Amended Answer and Affirmative Defenses, as well as its Third-Party Complaint, on or before **July 24, 2020**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 20th day of July, 2020.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record