**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-CV-62974-RUIZ/STRAUSS**

**OJ COMMERCE LLC,**

    Plaintiff,

v.

**HOME CITY INC,**

    Defendant.

_____/

**DISCOVERY ORDER**

THIS MATTER came before the Court upon Defendant's *Ore Tenus* Motion to Compel Plaintiff to Produce Documents with Downgraded Confidentiality Designation ("Motion"), made at a discovery hearing on August 12, 2020. Pursuant to the Motion, Defendant requested that Plaintiff produce 14 documents with a designation of "confidential" instead of "highly confidential." For the reasons stated on the record at the hearing, and for the additional reasons stated herein, it is **ORDERED and ADJUDGED** that:

1. The Motion is **GRANTED**, as set forth herein.

2. On or before **August 17, 2020**, Plaintiff shall produce the 14 documents at issue to Defendant with a designation of "confidential" instead of "highly confidential."

3. I find that, pursuant to Fed. R. Civ. P. 37, Defendant is entitled to an award of reasonable expenses, including attorneys' fees, from Plaintiff, that Defendant incurred in connection with numbers 11-14 set forth in the parties' Joint Discovery Status Report [DE 59].[1] Plaintiff's position regarding numbers 11-14 was not substantially justified, and no other

---

[1] I note that the parties were expressly warned prior to the hearing that fees may be awarded under Rule 37. *See, e.g.*, DE 47 at p. 6; DE 57 at p. 3.

circumstances make an award of expenses related to numbers 11-14 unjust.[2] However, I find that Plaintiff's position related to numbers 1-10 was substantially justified. Therefore, I do not find entitlement to any attorneys' fees or expenses incurred in connection with numbers 1-10.

4. I find that 2 hours represents a reasonable number of hours expended in connection with numbers 11-14 (this includes a portion of the time spent at the hearing). Additionally, based on my own knowledge regarding reasonable hourly rates in this community and my consideration of applicable law, and given counsel's (Defendant's counsel, Gabriel Mandler) experience and the nature of this case, I find that $275 per hour is a reasonable hourly rate for Mr. Mandler. Therefore, Defendant is awarded attorneys' fees of **$550** (lodestar amount) against Plaintiff. I find $550 to be reasonable. Plaintiff shall pay the award of $550 to Defendant (c/o Defendant's counsel) by **August 26, 2020**.

5. Plaintiff's request for a temporary stay of paragraph 2 of this Order is denied.

6. If either party wishes to seek modification of the Confidentiality Order [DE 20], and the request for modification is opposed, the party who wishes to seek modification may file a motion and incorporated memorandum of law, which shall be limited to 5 double-spaced pages. Any response shall be filed within 5 days of the filing of the motion and shall also be limited to 5 double-spaced pages. No reply shall be filed absent Court order.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 12th day of August 2020.

*Jared Strauss* (signature)
Jared M. Strauss
United States Magistrate Judge

---

[2] I note that when Defendant previously raised objections to producing financial records under the Florida Constitution [*see* DE 25], I did not rule for Defendant on that basis. Instead, I expressly ruled for Defendant on other grounds as stated at the hearing. Moreover, when Plaintiff remedied certain issues, I subsequently ordered Defendant to produce certain financial documents [DE 49].