UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-62974-RUIZ/STRAUSS

**OJ COMMERCE LLC,**

    Plaintiff,
v.

**HOME CITY INC,**

    Defendant.
_____/

## ORDER ON MOTION TO MODIFY CONFIDENTIALITY AGREEMENT

THIS MATTER came before the Court upon Plaintiff's Expedited Motion to Modify Confidentiality Agreement ("Motion") [DE 64]. I have reviewed the Motion and Defendant's Response thereto [DE 66]. The Motion seeks to modify the parties' Stipulated Confidentiality Order [DE 20] in two ways. First, it seeks to modify the "highly confidential" definition under the Stipulated Confidentiality Order (an order whose terms the parties negotiated and jointly proposed and that I previously found good cause to enter) to include "recent financial documents." Second, it seeks to apply the Restatement (Second) of Torts definition to "trade secret," as used in the Stipulated Confidentiality Order, instead of the Florida statutory definition that I applied at a recent discovery hearing. As the party seeking modification, Plaintiff has the burden of demonstrating good cause. *See In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1250 (11th Cir. 2020).

The Motion represents the fifth set of discovery disputes in this case that have come before me in less than three months, with the prior discovery disputes necessitating three discovery hearings and another ruling based solely on a written motion and response. Most recently, I held a discovery hearing on August 12, 2020, concerning fourteen "highly confidential" (also referred to as "attorneys' eyes only") designations that Plaintiff made to documents it produced pursuant

to the parties' Stipulated Confidentiality Order [DE 20]. Four of the documents at issue were relatively vanilla financial documents [*see* DE 61 at pp. 49-63]. I downgraded all fourteen "highly confidential" designations to "confidential," and I awarded reasonable attorneys' fees under Fed. R. Civ. P. 37 in connection with the dispute regarding the four financial documents, finding that Plaintiff's position was not substantially justified [*see* DE 63]. That finding was because the definition of "highly confidential" under the parties' Stipulated Confidentiality Order plainly does not include financial documents. *See* DE 20 at ¶ 5.a ("[T]he term Highly Confidential shall mean scientific or technical trade secret information, design specifications, and technical or scientific information, strategic information, product development information, customer lists or information, supplier lists or information, design specifications, scientific processes or formulas, and trademarks."). Plaintiff's contention that the foregoing definition encompasses financial documents within the term "trade secret information" was not substantially justified, and indeed was arguably frivolous, because even if the term "trade secret" itself could potentially include some financial documents, the definition limits its scope to "scientific or technical trade secret information."

As to Plaintiff's first (and primary) argument in the Motion, I do not find good cause to modify the Stipulated Confidentiality Order to include "recent financial documents" in the highly confidential designation. The parties specifically bargained for the current version of the Stipulated Confidentiality Order. They surely knew, or should have known, from the inception of this case that relevant discovery would include financial documents. Yet, they did not include financial documents in the highly confidential designation in their bargained for confidentiality agreement.

2

Moreover, the sole reason Plaintiff seeks modification now (more than three months after the Stipulated Confidentiality Order was entered) is because Plaintiff lost at the August 12, 2020 discovery hearing. At the hearing, when Plaintiff requested modification, Defendant's counsel noted that Defendant had previously raised the issue of potential modification of the Stipulated Confidentiality Order with Plaintiff's counsel. According to Defendant's counsel, at that time Plaintiff's counsel responded that he saw no need to modify the order. At the hearing, Plaintiff's counsel stated that Plaintiff was not going to seek modification when it thought it was unaffected by the language of the order, but that Plaintiff now desired modification (essentially because I did not accept its clearly incorrect contention that financial documents were already covered by the order). As I observed, Plaintiff's counsel's statements cut against his argument because he resisted modification when he believed it was not to Plaintiff's benefit, and then reversed his position when he thought modification was to Plaintiff's benefit. Thus, while Plaintiff's request for modification – in a vacuum – is not frivolous (unlike Plaintiff's arguments at the hearing), the road Plaintiff traveled to get to the point of asking for the modification undermines its argument for the modification's necessity. Also, I note that Defendant has relied on the Stipulated Confidentiality Order by designating financial documents as confidential and not highly confidential [*see* DE 66 at p. 3], which further undercuts any good cause argument and suggests that Defendant would be unfairly prejudiced by now modifying the confidentiality order.

Ultimately, Plaintiff's proposed modification is not supported by good cause. Considering the four financial documents that Plaintiff already sought to designate as "highly confidential" as emblematic of the types of documents Plaintiff believes merit greater protection, it is clear that Plaintiff's position is unfounded and that its proposed prohibition sweeps entirely too broadly. Additionally, while the Motion seeks to allow "recent" financial documents to be designated as

3

"highly confidential," the Motion fails to provide any further explanation as to what would qualify as "recent." Accordingly, the requested modification would do nothing more than invite further disputes in a case where several meritless discovery disputes have already made their way before the Court.

With respect to Plaintiff's second requested modification, Plaintiff fails to satisfactorily explain why good cause exists to adopt the Restatement's definition of a trade secret. While asserting that the Restatement's definition of a trade secret is broader and that it provides greater protection, the gist of Plaintiff's argument is that it found a definition it likes more that will allow it to shield more documents from Defendant (notwithstanding the fact that a "confidential" designation is still available to protect against potential harm), so the Court should use that definition, which is not binding as a matter of Florida or federal law.[1] That is not good cause, and nothing else stated in the Motion sets forth good cause. Moreover, as mentioned above, the highly confidential designation option in the Confidentiality Order does not apply to all trade secrets; it only applies to "scientific or technical trade secret information." Thus, with respect to the financial document issue, even if the Restatement's definition of trade secrets could be construed to include

---

[1] I also note that Defendant has averred, both at the August 12, 2020 hearing and in its response to the instant motion, that Plaintiff's counsel is himself the Plaintiff's Chief Technology Officer [DE 66 at p. 5]. Plaintiff did not squarely address this assertion. This circumstance creates a serious asymmetry that potentially undermines the effectiveness of the "highly confidential" designation in the first place. As Plaintiff has argued in its motion, the purpose of the "highly confidential" designation is to shield particularly sensitive documents from the view of the opposing party's "competitive-decision-making personnel" by restricting access to such documents to only opposing counsel. But if Plaintiff's counsel is himself a C-level executive of Plaintiff, this restriction potentially affords Defendant's "highly confidential" documents little protection at all. The issue of Plaintiff's counsel's relationship with Plaintiff and its implications for the mechanics of the Stipulated Confidentiality Order is not squarely before me. However, the alleged circumstances do suggest that widening the scope of what the parties may designate as "highly confidential" would only exacerbate the potential unfairness to Defendant.

financial documents, the "scientific or technical" limitation would specifically negate that part of the definition.

In concluding that Plaintiff failed to establish good cause, I considered the applicable good cause factors, and I balanced the potential harm to Plaintiff, which I find to be minimal (particularly where a "confidential" designation is still available for documents outside the scope of the "highly confidential" designation), against Defendant's interest. *See In re: Chiquita Brands Int'l*, 965 F.3d at 1251 ("[T]he district court's analysis satisfied the most critical Rule 26(c) factor—balancing the potential harm to the appellants against the interests of the other parties in the case."). Because Plaintiff has failed to establish good cause, the Motion will be denied.

Though a close call, I will also deny Defendant's request for an award of attorneys' fees under Rule 37. I am concerned by Plaintiff's borderline-vexatious pattern of conduct including its related frivolous arguments made at the August 12, 2020 hearing. Nevertheless, when I look at the Motion alone, I find that it is substantially justified because reasonable people could differ as to the propriety of the Motion. *See Knight ex rel. Kerr v. Miami-Dade Cnty.*, 856 F.3d 795, 812 (11th Cir. 2017) ("Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." (quoting *Maddow v. Procter & Gamble Co.*, 107 F.3d 846, 853 (11th Cir. 1997))).

For the foregoing reasons, and for the reasons stated on the record at the August 12, 2020 hearing, it is **ORDERED and ADJUDGED** that the Motion [DE 64] is **DENIED**. Additionally, Defendant's request for an award of attorneys' fees under Rule 37 is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 22nd day of August 2020.

Jared Strauss
Jared M. Strauss
United States Magistrate Judge

5